## CIRCUIT COURT OF STAFFORD COUNTY

Taylor

    v.

Stafford County et al.

September 18, 1990

Case No. (Chancery) 307-90

By JUDGE JAMES W. HALEY, JR.

In this Declaratory Judgment action, plaintiff seeks to avoid the incidence of an annual charge "to be collected from the owner of each parcel of land existing in the Lake Arrowhead Sanitary District as recorded in the office of the Stafford County Commissioner of the Revenue on December 7, 1987 . . . ."[1]

In November, 1986, plaintiff, owner of Lot 10, Section E, and Lot 46, Section G, adjacent parcels in Lake Arrowhead Subdivision, hired a surveyor who prepared a plat on which the boundary line between the lots was drawn as dashed.[2] On this plat, the surveyor wrote: "House Location Survey, Lot 10 Sect. "E" & Lot 46, Sect. "G" Lake Arrowhead." This plat was recorded in the Clerk's Office of the Circuit Court of Stafford County on January 16, 1987. The plaintiff made no inquiry whatsoever as to what was legally necessary to effect his desired consolidation of his two lots.

---

[1] This ordinance was adopted by the Board of Supervisors of Stafford County on August 15, 1989, and the validity of the same is not challenged in this proceeding.

[2] The parties agree that a "dashed" line usually indicates a formerly existing line.

In 1988, the plaintiff received a real estate tax bill for that year from the Treasurer showing him the owner of the above two lots. Upon inquiry, he learned that the Commissioner of Revenue did not consider the preparation and recordation of Exhibit 1 as a consolidation of the two lots. Accordingly, thereafter the surveyor re-drew the plat, Exhibit 2 to this opinion, adding thereto the following: "Consolidation Plat, Lot 10, Section E & Lot 46, Section G to Lot 46-A, Sections E & G." This plat was recorded in the Clerk's Office on June 8, 1988, and the 1989 and 1990 real estate tax bills reflected the plaintiffs as owning only one parcel, Lot 46-A.

At times herein relevant, § 22-44 of the Stafford County Subdivision Ordinance stated in part:

> (1) . . . All . . . revisions, including . . . vacation of lot lines for the purpose of combining two (2) . . . lots . . . shall be submitted on a revised plat with proper notations for review by the agent . . . .
>
> (2) . . . Such plat shall include all the information from the approved plat of record which is necessary to convey a clear understanding of the revision being made and should be drawn on a plat which is 17 by 21 inches . . . . Approval of any revision shall be authorized by the Agent's signature on the revised plat. . . .

The "agent" referred to was then the Director of Planning and Economic Development. The plaintiff never submitted a plat to the agent revised in accordance with Section 22-44.

The plaintiff argues that he intended to consolidate by recording Exhibit 1 on January 16, 1987; that the Commissioner accepted the consolidation upon the recording of Exhibit 2 on June 8, 1988, as evidenced by the 1989 and 1990 tax bills; that there is no "legal" difference between Exhibit 1 and Exhibit 2; that the Commissioner's acceptance of consolidation should relate back in time to January 16, 1987; that the County is estopped to argue the plaintiff should have complied with § 22-44 to effect consolidation because of the Commissioner's actions; and

that he therefore owned on December 7, 1987, only one "parcel" within the Lake Arrowhead Sanitary District subject to the annual rate charge.

It is clear that compliance with § 22-44 was necessary to effect the consolidation of the adjacent parcels. Accordingly, the pinion of plaintiff's case rests with his estoppel argument.

In *Board of Supervisors v. Booker*, 232 Va. 478, 481, 352 S.E.2d 319, 321 (1987), the Court stated:

> On appeal, the Board assumes that the decree denying its motion for summary judgment was based on the doctrines of estoppel and laches. Neither applies to a local government in the discharge of its governmental functions. *Segaloff v. City of Newport News*, 209 Va. 259, 261, 163 S.E.2d 135, 137 (1968) (estoppel); *City of Portsmouth v. City of Chesapeake*, 232 Va. 158, 164, 349 S.E.2d 351, 354 (1986) (laches).

See also, *Gwinn v. Alward*, 235 Va. 616, 621, 369 S.E.2d 410, 413 (1988); *Taylor v. Shaw and Cannon Co.*, 236 Va. 15, 19, 372 S.E.2d 128, 130 (1988) (Footnote 4).

Further, as the court in *South Hampton Apartments, Inc. v. Elizabeth City County*, 185 Va. 67, 78-79, 37 S.E.2d 841, 846 (1946), noted: "Anyone dealing with . . . agents (of a Board of Supervisors) must, at his peril, ascertain the nature and extent of their authority."[3] A Commissioner of Revenue, despite undoubted good intentions, may not by his actions amend or delete the provisions of a county ordinance setting forth the procedure by which plats are to be revised to effect the consolidation of adjacent parcels. In *Segaloff v. City of Newport News, supra*, the city had issued a building permit "as per plans" which included a canopy thereafter found to be in violation of the setback requirements of the zoning ordinance. The Supreme Court upheld the trial court's ruling that the canopy be altered or removed and stated:

---

[3] No question has been raised as to whether the Commissioner of Revenue, a constitutional officer, could as a matter of law even be an agent of a Board of Supervisors.

> If a building permit is issued in violation of law, it confers no greater rights upon a permittee than an ordinance itself, for the permit cannot in effect amend or repeal an ordinance, or authorize a structure at a location prohibited by the ordinance. Its issuance by such a municipal officer is unauthorized and void.

209 Va. at 261, 163 S.E.2d at 137.

In light of the foregoing, judgment is granted in favor of the defendants.